# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br>FRANK FREEMAN,<br><br>  Defendant. | Case No. 2:12-CR-00175-KJD-VCF<br><br>**ORDER** |

Presently before the Court is Defendant's Motion to Correct Pre-sentence Report (#176). The Government filed a response in opposition (#177).

Defendant's motion, which the Court construes liberally, seeks to have the Court reduce his criminal history by one point asserting that a prior conviction has been vacated. Presumably, Defendant's intent is to receive a sentence shorter than the one-hundred (100) month sentence he received on October 16, 2013. A court generally may not correct a sentence of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). Any corrections must be made pursuant to statute or Rule 35 of the Federal Criminal Rules of Procedure. See 18 U.S.C. 3582(c)(1)(B). The Court may correct a sentence resulting from arithmetical, technical or other clear error within fourteen (14) days of sentencing. Fed. R. Crim. Pr. 35(a). Here, no "correction" was requested within fourteen days. Therefore, the Court must deny Defendant's motion.

However, even considering the motion on the merits, the Court would deny the motion, because Defendant has not met his burden in establishing that his prior conviction has been vacated. Even in that unlikely event, the Court would lack jurisdiction to alter Defendant's sentence.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Correct Pre-sentence Report (#176) is **DENIED**.

Dated this 17th day of May, 2018.

_____
Kent J. Dawson
United States District Judge